IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSHUA SCOTT,                           *
                                        *
            Plaintiff,                  *
                                        *
      vs.                               *        Civil Action No.   ADC-20-0603
                                        *
CAROLINE COUNTY, MARYLAND,              *
                                        *
            Defendant.                  *
                                        *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant, Caroline County ("Defendant"), moves this Court to dismiss, or in the alternative for a grant of summary judgment. Plaintiff, Joshua Scott filed a Complaint alleging retaliation regarding his termination after use of leave under the Family Medical Leave Act ("FMLA"). ECF No. 1. Defendant filed a motion to dismiss the complaint. ECF 11. Plaintiff filed an Amended Complaint again alleging retaliation and adding a count of interference with his use of FMLA. ECF No. 17. Defendant filed a motion to dismiss the amended complaint. ECF 18. After considering the Motion and the responses thereto (ECF Nos. 18, 19, 20), the Court finds no hearing is necessary. *See* Loc.R. 105.6 (D.Md.2018). For the reasons stated herein the Court GRANTS Defendant's Motion to Dismiss the Amended Complaint.

## FACTUAL BACKGROUND

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the challenged complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff's Complaint is brief and contains few specific factual allegations. Plaintiff was employed by the Defendant as a Correctional Officer, a position Plaintiff began on April 29, 2017. ECF No. 17 ¶ 6. On January 10, 2019 Plaintiff applied for FMLA leave to care for his mother suffering from a

serious health condition.[1] ECF No. 17 ¶ 7, 8; ECF No. 18-8. Defendant approved Plaintiff for FMLA leave on January 14, 2019. ECF No. 17 ¶ 9; ECF No. 18-9. On January 22, 2019, Plaintiff requested that his FMLA leave begin on January 10, 2019. ECF No. 17 ¶ 8; ECF No. 18-10. This was approved and Plaintiff's FMLA leave began to run on January 10, 2019. ECF No. 17 ¶ 9, ECF No. 18-11. Plaintiff's twelve weeks of FMLA leave expired on April 4, 2019. ECF Nos. 11-1; 11-12.

On April 10, 2019, Defendant sent Plaintiff a Certified Letter with Return Receipt through the U.S. Postal Service stating that Plaintiff had 7 days from the receipt of the letter to provide Defendant with information on his return timeline or Plaintiff would be terminated immediately. ECF No. 17 ¶ 10; ECF No. 18-13. Plaintiff received the April 10th letter from Defendant on April 30, 2019. ECF No. 17 ¶ 11; ECF No. 17-1; ECF No. 18-13.

On April 12, 2019, prior to the delivery of Defendant's letter, Plaintiff sent an email to Defendant explaining the status of his mother's care and condition. ECF No. 18-15. He informed Defendant that he was unable to determine when he would be able to return to work, as it was dependent on whether or not his mother would be approved for an in-home nurse. *Id.* Plaintiff further provided that his mother had a doctor's appointment on May 29, 2019, which would hopefully expedite the process of her receiving in-home care. *Id.* In this email, Plaintiff stated he knew his FMLA leave expired on April 7, 2019, although it in fact expired on April 4, 2019. *Id.*

---

[1] Plaintiff's Complaint fails to provide specific dates that are relevant to his claims. These dates have been provided by documents included as Exhibits in Defendant's Motion and Plaintiff's Complaint. *See* ECF Nos. 18-6, 18-8 through 18-11, 18-13, 18-18, & 17-1. The Court may consider these attachments without converting the Motion to a Motion for Summary Judgment under Federal Rule of Civil Procedure 12(d), because the Exhibits are correspondence between the Plaintiff and Defendant that contain information that is "integral to the complaint and authentic." *Gaines v. Valley Cmty. Servs. Bd.,* 822 F.3d 159, 164 (4th Cir. 2016) (quoting *Sec'y of State for Defence v. Trimble Nav. Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007)).

On April 16, 2019, Defendant sent another Certified Letter to Plaintiff acknowledging receipt of his April 12, 2019 email. ECF No. 17 ¶ 15; ECF No. 18-6. Defendant's letter explained that because he had exhausted his FMLA leave and was unable to provide definitive information on when he would be able to return to work, Defendant could not continue to hold Plaintiff's position open. *Id.* Therefore, Plaintiff was terminated effective immediately. *Id.* Plaintiff received this letter on April 19, 2019. ECF Nos. 18-16; 18-17.

It is undisputed that Plaintiff did not get Defendant's April 10, 2019, letter until April 30, 2019. ECF No. 17 ¶ 11; ECF No. 17-1; ECF No. 18-13. That day, Plaintiff faxed a letter to Defendant acknowledging receipt of the April 10th letter and stated he would be able to return to work on May 30, 2019. ECF No. 17 ¶ 12, 13; ECF No. 18-18. Defendant then called Plaintiff to clarify that per the April 16th letter, Plaintiff had already been terminated but could reapply for a position should he wish. ECF No. 18-18. Plaintiff did not reapply.

On May 3, 2019, Plaintiff emailed Defendant expressing his dissatisfaction with the manner in which he was terminated. ECF No. 18-19. In the email, Plaintiff acknowledged that he did not efficiently communicate his timeline but was never under the impression that his job was at risk. *Id.* Due to the delayed date of delivery, Plaintiff believed that the April 10, 2019 letter (delivered April 30, 2019) stating that he had seven days upon receipt to provide information on his return, was "giving him another opportunity." *Id.* Plaintiff felt his termination was unjust because he replied to Defendant's letter that day with the requested information, thereby complying with Defendant's request. *Id.*

## PROCEDURAL BACKGROUND

On March 3, 2020, Plaintiff filed the Complaint against Defendant in this Court. ECF No. 1.[2] On May 20, 2020, Defendant filed a Motion to Dismiss for failure to state a claim, or alternatively Motion for Summary Judgment. ECF No. 11. Plaintiff filed an Amended Complaint on June 4, 2020, ECF No. 17. On June 18, 2020, Defendant filed a Motion to Dismiss the amended complaint for failure to state a claim, or alternatively a Motion for Summary Judgment. ECF No. 18. On July 7, 2020, Plaintiff opposed Defendant's Motion (ECF No. 19) to which Defendant filed a reply on July 16, 2020. (ECF No. 20). Accordingly, the Motion is fully briefed.

## DISCUSSION

### A. Standard of Review

#### 1. Motion to Dismiss for Failure to State a Claim

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As stated in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550

---

[2] On March 5, 2020, in accordance with Standing Order 2019-07 of the United States District Court for the District of Maryland and upon consent of all parties, this case was directly assigned to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 3.

U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### 2. Motion for Summary Judgment

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Supreme Court has clarified that not every factual dispute will defeat a motion for summary judgment but rather, there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphases in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the court has drawn all reasonable inferences in favor of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

5

The party seeking summary judgment bears the initial burden of either establishing that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013) (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477 U.S. at 249). Thus, "to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Moss v. Parks Corp.*, 985 F.2d 736, 738 (4th Cir. 1993) (quoting *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990)).

In this case, Defendant has styled its motion as a Motion to Dismiss, or in the alternative a Motion for Summary Judgment. ECF No. 18. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County,* 788 F.Supp.2d 431, 436-37 (D.Md.2011). "A district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby

converting the motion, or to reject it or simply not consider it.'" *Whitaker v. Md. Transit Admin.*, No. ELH-17-00584, 2018 WL 902169, at *7 (D.Md.Feb. 14, 2018) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.)). "This discretion 'should be exercised with great caution and attention to the parties' procedural rights.'" *Id.* (quoting WRIGHT & MILLER, *supra*, at 149). "In general, courts are guided by whether consideration of extraneous material 'is likely to facilitate the disposition of the action,' and 'whether discovery prior to the utilization of the summary judgment procedure' is necessary." *Id.* (quoting WRIGHT & MILLER, *supra*, at 165–67).

Ordinarily, a court "is not to consider matters outside the pleadings to resolve factual disputes when ruling on a motion to dismiss." *Bosinger v. U.S. Airways, Inc.,* 510 F.3d 422, 450 (4th Cir.2007). Doing so converts that motion to one for summary judgment pursuant to Rule 56. *See Holland v. Kitchekan Fuel Corp.,* 137 F.Supp.2d 681, 683 (S.D.W.Va.2001). However, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *State Farm Mutual Automobile Insurance Company v. Slade Healthcare, Inc.,* 381 F.Supp.3d 536, 552 (D.Md.2019) (quoting *Goldfarb v. Mayor & City Council of Baltimore,* 791 F.3d 500, 508 (4th Cir. 2015)). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Id.* (internal citations omitted).

In cases such as the one at hand, where the plaintiff fails to incorporate pertinent documents as part of his complaint, "the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment." *Davis v. George Mason Univ.,* 395 F.Supp.2d 331, 335 (E.D.Va. 2005) (citations and

internal quotation marks omitted). Here, Plaintiff has not produced any of the documents or correspondence which provide the background and basis for his claims. Defendant has provided this information through seventeen exhibits attached to its motions. Since these documents are inextricably intertwined with Plaintiff's complaint and referenced in Plaintiff's responses, they are proper, and the Court may view this motion as a motion to dismiss and not treat it as a motion for summary judgment. *Id.* Because the Court has considered documents outside of the pleadings. The Court in its discretion, could treat the motion in the alternative, as one for summary judgment. Either way, as set forth below, the motion to dismiss or in the alternative for summary judgment is GRANTED.

## B. Defendant's Motion to Dismiss or Alternatively, Motion for Summary Judgment

In its Motion, Defendant seeks to dismiss all claims against it. The Court will address each Count in turn.

### Plaintiff's FMLA Retaliation Claim (Count I)

Defendant argues in its Motion that Plaintiff fails to make a prima facie case of retaliation because he does not adequately allege the existence of a causal connection. The Court agrees.

FMLA retaliation claims are analogous to discrimination claims brought under Title VII. *Yashenko v. Harrah's N.C. Casino Co.*, 446 F.3d 541, 551 (4th Cir. 2006). Therefore, a plaintiff may succeed by either providing direct evidence of discrimination or by satisfying the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 318 n. 4 (4th Cir. 2005). Under that framework, for a plaintiff to establish a *prima facie* case of FMLA retaliation, they must demonstrate that "(1) [they] engaged in a protected activity; (2) [their] employer took an adverse employment action against [them]; and (3) there was a causal link between the two events."

8

*Hannah P. v. Coats*, 916 F.3d 327, 347 (4th Cir. 2019) (quoting *Adams v. Anne Arundel Cty. Pub.*

*Schs.*, 789 F.3d 422, 429 (4th Cir. 2015)). A Plaintiff can satisfy the causation element by showing

temporal proximity between the protected activity and the adverse employment action. *Bowling v.*

*Humanim, Inc.*, JKB-16-3298, 2017 WL 713862, at *3 (D.Md.Feb. 22, 2017) (first citing *Clark*

*Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) then citing *Lettieri v. Equant Inc.*, 478 F.3d

640, 650 (4th Cir. 2007)).

Once a plaintiff establishes a *prima facie* case, the burden shifts to the employer to assert

a "legitimate, nondiscriminatory reason" for its adverse employment action. *Yashenko,* 446 F.3d

at 551. "To meet its burden of offering a legitimate non-discriminatory reason for the plaintiff's

termination, a defendant need only have had an honest belief that the alleged reason or misconduct

occurred." *Dasilvia v. Education Affiliates, Inc.*, No. CCB-15-541, 2015 WL 9582975, at *4

(D.Md. Dec. 31, 2015).

> ### Plaintiff has not proven temporal proximity and lacks the requisite causation to assert a retaliation claim under the *McDonnell Douglas* framework.

Plaintiff alleges his "termination is causally related to his application for FMLA leave."

ECF No. 17 ¶ 17. Plaintiff applied for leave on January 10, 2019. ECF No. 18-8. In order for

temporal proximity alone to satisfy causation of the prima facie case, the temporal proximity must

be very close. *Lewis v. Balto. City Bd. School Comm.*, 187 F.Supp.3d 588, 597 (D.Md.2016) (citing

*Allen v. Rumsfeld,* 272 F.Supp.2d 695, 707 (D.Md.2003)). Plaintiff was terminated on April 16,

2019. ECF No. 17 ¶ 15; ECF No. 18-6. The three months between his application for leave and

termination is too long to infer temporal proximity. *See King v. Rumsfeld,* 328 F.3d 145, 151 n.5

(4th Cir. 2003) (finding that a gap of two months and two weeks undermined the inference of

causation). Due to this, Plaintiff cannot show a causal connection which precludes his prima facie

case for retaliation.

Assuming arguendo that Plaintiff has proven a temporal connection simply because he was on FMLA leave and was terminated, his claim would not survive the next step of the *McDonnell Douglas* framework. After the Plaintiff properly alleges a prima facie case, the burden shifts to the employer to show there was a non-discriminatory reason for its adverse action. *Dasilvia,* No. CCB-15-541, 2015 WL 9582975, at *4. Defendant states that it terminated Plaintiff because he failed to return to work after the expiration of his FMLA leave. ECF No. 18-6. There is no evidence presented to the contrary.

Plaintiff's leave was scheduled to expire on April 4, 2019. ECF Nos. 11-1; 11-12. By that point, Plaintiff was aware he had exhausted his FMLA leave (ECF No. 18-15) but did not make any attempt to return to work. Nor did Plaintiff provide Defendant with a date he could be expected back. Defendant was under no obligation to continue to hold Plaintiff's position open to him past the date of expiration. "[W]hen an employer gives a legitimate, nondiscriminatory reason for discharging the plaintiff, it is not [the court's] province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *Laing v. Fed. Express Corp.*, 703 F.3d 713, 722 (4th Cir. 2013). Accordingly, Plaintiff has not presented any facts to support his claim of retaliation. Simply put, Plaintiff was provided and used 12 weeks of FMLA, and then failed to return to work. Plaintiff has failed to present evidence that his termination for failure to return to work was in any way a pretext for some discriminatory motive. *McDonnell Douglas, supra.*

### Plaintiff's FMLA Interference Claim (Count II)

Defendant contends in its Motion that Plaintiff does not assert a valid FMLA interference claim because the Complaint fails to allege all of the elements required to bring a claim. An interference claim differs from a retaliation claim in that an interference claim merely requires

proof that the employer denied the employee his entitlements under the FMLA. *Sherif v. Univ. of Maryland Med. Ctr.*, 127 F.Supp.3d 470, 477 (D.Md.2015). To establish a defendant unlawfully interfered with plaintiff's entitlement to FMLA benefits, a plaintiff must prove that: "(1) []he was an eligible employee; (2) [his] employer was covered by the statute, ; (3) []he was entitled to leave under the FMLA; (4) []he gave [his] employer adequate notice of [his] intention to take leave; and (5) the employer denied [him] FMLA benefits to which []he was entitled." *Id.* (quoting *Wonasue v. Univ. of Maryland Alumni Ass'n,* 984 F.Supp.2d 480, 495 (D.Md.2013)).

<u>Plaintiff failed to provide any evidence that Defendant interfered with his FMLA rights.</u>

Plaintiff alleges in his Complaint that Defendant interfered with his requested FMLA leave. ECF No. 17 ¶ 20. However, Plaintiff does not provide any evidence whatsoever to show Defendant interfered with his leave or explain the benefits he was denied by Defendant. Defendant accommodated Plaintiff's request and provided Plaintiff with a full twelve weeks of FMLA leave beginning in January. ECF No. 18-11. After Plaintiff exhausted his twelve weeks of leave in April and failed to show up to work or communicate with Defendant, Defendant reached out to ascertain Plaintiff's return date. ECF No. 18-13. Plaintiff indicated he may return to work on May 30, 2019. Clearly he failed to return to work when he was obligated to do so on April 4, 2019 or April 7, 2019 as he incorrectly believed. After that date, Defendant was under no obligation to contact Plaintiff. Defendant's April 10 letter was merely a request for information, not a notification that Defendant was temporarily holding Plaintiff's position open. Even if that was the intent of the letter there is no authority that requires an employer to do so under the FMLA. Plaintiff presented no evidence that Defendant barred him from returning to his job upon the natural expiration of his leave. He was given that opportunity to return on April 4, 2019 but failed to do so. Defendant informed Plaintiff that he could re-apply for jobs should he wish to return. ECF No. 18-18. There

11

is no evidence Plaintiff re-applied. Accordingly, there is no evidence to support a claim for FMLA interference based on the facts alleged in Plaintiff's Amended Complaint.

Generally, the plaintiff should be afforded the opportunity to amend, or dismissal should be without prejudice. *See Adams v. Sw. Va. Reg'l Jail Auth.,* 524 F. A'ppx 899, 900, 2013 WL 1943798, at *1 (4th Cir. 2013) ("Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice."); *Cosner v. Dodt,* 526 F. App'x 252, 253 (4th Cir. 2013) (same). However, "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim." *Weigel,* 950 F.Supp.2d at 825–26. *Hjardemaal v. KONE Inc.,* No. PWG-14-735, 2014 WL 7184752, at *2 (D.Md. Dec. 15, 2014). Considering this as a motion to dismiss, Plaintiff clearly cannot support a claim for retaliation or interference with his rights under the FMLA under the undisputed facts and in the light most favorable to the Plaintiff, so the dismissal is with prejudice.

### CONCLUSION

For the reasons set forth above, the Motion to Dismiss is GRANTED. Plaintiff failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678. Assuming arguendo this Motion is a Motion for Summary Judgment, the Motion is GRANTED because there exists no dispute as to any material fact. Plaintiff's claims are dismissed with prejudice. A separate Order will issue.

22 September 2020
Date

A. David Copperthite
United States Magistrate Judge